**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>PYRAMID TECHNOLOGIES, INC.,<br><br>   Defendant. | Civil Action No. 2:23-cv-04348-JMY |

**DEFENDANT PYRAMID TECHNOLOGIES, INC.'S
UNCONTESTED MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendant Pyramid Technologies, Inc. ("Pyramid"), by and through its undersigned counsel, hereby moves for entry of an Order pursuant to Federal Rule of Civil Procedure 5.2 and Local Civil Rules 5.1.2(6) and 5.1.5 granting Pyramid leave to file under seal unredacted versions of documents submitted in connection with its Motion to Dismiss. Specifically, Pyramid requests leave to file under seal a Non-Disclosure Agreement ("NDA") and portions of its supporting brief discussing the NDA.

## I.    THE MOTION TO SEAL IS UNCONTESTED

Counsel for Pyramid has conferred with counsel for Plaintiff POM of Pennsylvania, LLC ("POM") regarding the relief sought by this Motion. Counsel for POM consented to the relief requested, namely the sealing of the NDA and portions of Pyramid's briefing discussing the NDA.

## II.    THE REQUEST TO FILE UNDER SEAL SHOULD BE GRANTED

### A.    Legal Standard on Motions to Seal

Pennsylvania federal courts seal judicial records when a party's "interest in secrecy" outweighs the "presumptive right of public access." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig*., 924 F.3d 662, 672 (3d Cir. 2019). To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.*

164949221.3

It is well-settled that the Court has the power to seal its records when justice or the circumstances so require, and where doing so will not prejudice any party. *See Zurich Am. Ins. Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 500 (E.D. Pa. 2004) (*citing In re Cendant Corp.*, 260 F. 3d 183, 192 (3d. Cir. 2001)). Good cause that will support maintaining the confidentiality of information is established upon a showing that the disclosure will work a clearly defined and serious injury to the party seeking closure. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

**B.      The Third Circuit's *Pansy* Factors Support Sealing the Requested Documents.**

The Third Circuit in *Pansy* set forth seven non-exhaustive factors for the Court to consider when evaluating whether good cause exists to maintain the confidentiality of information. Of these seven factors,[1] four are most relevant here and each weigh in favor of preserving the confidentiality of the NDA. Specifically, the information in the NDA is being discussed for a legitimate purpose of responding to the Complaint's allegations. The suit is between private parties and has little if any immediate effect on the public health and safety of the public. In addition, the terms of the NDA indicate that the parties intended that the NDA remain confidential.

---

[1] The seven *Pansy* factors are as follows:

1. whether disclosure will violate any privacy interests;

2. whether the information is being sought for a legitimate purpose or for an improper purpose;

3. whether disclosure of the information will cause a party embarrassment;

4. whether confidentiality is being sought over information important to public health and safety;

5. whether the sharing of information among litigants will promote fairness and efficiency;

6. whether a party benefiting from the order of confidentiality is a public entity or official; and

7. whether the case involves issues important to the public.

*See Pansy*, 23 F.3d at 787–91.

164949221.3

     **C.**     **Failing to Seal the Requested Documents Would Injure the Parties.**

The NDA is the type of document courts seek to protect and its disclosure would cause a serious injury. *See Avandia*, 924 F.3d at 672.

The Third Circuit has previously concluded that information considered "confidential business information" may properly be protected from disclosure. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). This lawsuit concerns the alleged misuse of POM's "Confidential Information," and the NDA squarely addresses this "Confidential Information."

Disclosure of the NDA could cause a serious injury. The NDA concerns sensitive business information regarding Pyramid and POM and its parent entity. Thus, that information should be protected. Pyramid desires to avoid any potential future litigation concerns arising from the disclosure of the NDA's terms from POM or its parent company. POM has put information that is allegedly "confidential" at issue in the instant litigation,[2] *see* Complaint ¶¶ 52, 53-58, 69, and Pyramid wishes to refer to the NDA and its terms, which governs such information. Sealing this exhibit and related arguments in the briefing allows for public access to the litigation without disclosing the precise terms of the NDA as it relates to POM or its parent company.

In an effort to be minimally restrictive, Pyramid proposes to seal only one document (the NDA itself) and sections of its Motion to Dismiss briefing discussing the NDA's terms.

**III.**    **CONCLUSION**

For the reasons set forth herein and with POM's counsel, Pyramid requests leave to file under seal the NDA and portions of its supporting brief discussing the NDA under seal.

---

[2] Pyramid contests that the information at issue in the Complaint is actually confidential but nonetheless acknowledges that the terms of the NDA are intended to be confidential.

-3-

-4-

Respectfully submitted,

**DILWORTH PAXSON LLP**

Timothy J. Ford, Attorney ID: 325290
tford@dilworthlaw.com
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: +1.215.575.7017
Facsimile: +1.215.575.7200

Dated:  January 9, 2024

**PERKINS COIE LLP**

By: */s/ Barak Cohen*
Barak Cohen, Admitted *pro hac vice*
BCohen@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile:  +1.202.654.6211

*/s/ Thomas J. Tobin*
Thomas J. Tobin, Admitted *pro hac vice*
TTobin@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

-4-

-5-

## CERTIFICATE OF UNCONTESTED MOTION

Pursuant to Local Civil Rule 7.1, I, the undersigned, do hereby certify that that the above motion is uncontested.


Date: <u>January 9, 2024</u>

/s/<em>Barak Cohen</em>

Barak Cohen

164949221.3