**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>PYRAMID TECHNOLOGIES, INC.,<br><br>            Defendant. | Civil Action No. 2:23-cv-04348-JMY |

**DEFENDANT PYRAMID TECHNOLOGIES, INC.'S
CONTESTED MOTION TO STAY DISCOVERY PENDING
RESOLUTION OF ITS MOTION TO DISMISS**

Defendant Pyramid Technologies, Inc. ("Pyramid"), by and through its undersigned counsel, hereby moves for entry of an Order staying discovery pending resolution of the dispositive Motion to Dismiss (the "Motion") before the Court (ECF No. 15). As of January 30, 2024, the Motion will be fully briefed. Counsel for Pyramid has conferred with counsel for Plaintiff POM of Pennsylvania, LLC ("POM") regarding the relief sought by this Motion. This motion is contested.

**I.    THE REQUEST TO STAY DISCOVERY SHOULD BE GRANTED**

**A.    Legal Standard on Motions to Stay Discovery**

Under Federal Rule 26(c), courts have the authority to direct that discovery be stayed to protect parties from undue burdens or expenses. *Gurnicz v. Guindon*, 1991 WL 21606, at *3 (E.D. Pa. Feb. 15, 1991) (granting a stay as to all discovery requests where deadlines had not yet passed). The Third Circuit has acknowledged that a stay is especially appropriate in cases where discovery would be futile if a motion to dismiss is granted. *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010). Such a stay advances the purpose of Federal Rule 12(b)(6) to "streamline[ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

The Eastern District of Pennsylvania examines five factors in whether to grant a stay of discovery:

(1) interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;
(2) burden which any particular aspect of the proceedings may impose on defendants;
(3) convenience of the court in the management of its cases, and the efficient use of judicial resources;
(4) interests of persons not parties to the civil litigation; and
(5) interest of the public in the pending civil and criminal litigation.

*McLafferty v. Deutsche Lufthansa A.G.*, 2008 WL 4612856, at *2 (E.D. Pa. Oct. 15, 2008).

### B.    Under the District's Five-Factor Test, Discovery in This Matter Should Be Stayed.

Each of the five factors outlined above supports staying discovery here.

First, Plaintiff POM will not be prejudiced by any pause in discovery pending the Court's resolution of the pending dispositive Motion. Instead, POM and Pyramid would both benefit from avoiding potentially unnecessary expenditures in responding to pending discovery requests during the pendency of the dispositive Motion.

Second, proceeding with discovery could impose burdens on Pyramid. Specifically, Pyramid's Motion challenges the Court's subject matter jurisdiction. If the Court lacks subject matter jurisdiction, that would restrict its ability to direct discovery.

Third, it is an efficient use of judicial resources in this case to stay discovery pending the resolution of the dispositive Motion. The Court has already set a Scheduling Order (ECF No. 27), and the dates may be reset to accommodate the stay of discovery. If the dispositive Motion disposes entirely of the case, as Pyramid argues, the Court would have no need to pursue any further scheduling matters.

Next, proceeding with discovery now could impose burdens on non-parties. Among other things, POM argues that owners/operators of the locations where POM Game units are used are in violation of their individual contracts with POM. Complaint ¶ 22. In addition, Pyramid's pending discovery requests to POM will require POM to coordinate with its parent company, a non-party to

this suit. Discovery of these non-parties could be avoided if the case is dismissed upon the Court's ruling.

Finally, a stay of discovery is in the public interest. Among other things, Pyramid's motion discusses binding venue and choice-of-law clauses. To the extent that these clauses apply to the present litigation, the valid forum-selection clause must "be given controlling weight in all but the most exceptional cases" due to the public interest factors involved. *Bensalem Lodging Assocs., LLC v. Holiday Hosp. Franchising, LLC*, 575 F. Supp. 3d 532, 538 (E.D. Pa. 2021) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013)). In cases, like this one, where the plaintiff has filed in the non-chosen forum, the plaintiff bears the burden of demonstrating that public interest factors "overwhelming" weigh in favor of litigating the non-chosen forum (Pennsylvania). *Id.* Pyramid's Motion agues in part that these binding clauses may apply to the instant litigation, and to the extent that the clauses are applicable, a stay of discovery would allow a court in the more appropriate forum address discovery issues.

## II.    CONCLUSION

For the reasons set forth herein, Pyramid requests that the Court stay discovery in this matter until the resolution of the pending dispositive Motion.

-4-

Respectfully submitted,

**DILWORTH PAXSON LLP**

Timothy J. Ford, Attorney ID: 325290
tford@dilworthlaw.com
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: +1.215.575.7017
Facsimile: +1.215.575.7200

Dated: January 29, 2024

**PERKINS COIE LLP**

By: */s/ Barak Cohen*
Barak Cohen, Admitted *pro hac vice*
BCohen@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile:  +1.202.654.6211

*/s/ Thomas J. Tobin*
Thomas J. Tobin, Admitted *pro hac vice*
TTobin@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

-5-

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing System (CM/ECF) on the date specified below:

*Via CM/ECF:*

Matthew H. Haverstick
Kleinbard LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
215-568-2000
Fax: 215-568-0140
Email: mhaverstick@kleinbard.com

Date: January 29, 2024

/s/*Barak Cohen*
Barak Cohen