**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| *Plaintiff,* | : | |
| v. | : | No. 2:23-cv-04348-JMY |
| PYRAMID TECHNOLOGIES, INC., | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of

Defendant Pyramid Technologies, Inc.'s Contested Motion to Stay Discovery Pending

Resolution of its Motion to Dismiss (the "Motion"), and Plaintiff POM of Pennsylvania, LLC's

opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

_____
Hon. John Milton Younge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| *Plaintiff,* | : | |
| v. | : | No. 2:23-cv-04348-JMY |
| PYRAMID TECHNOLOGIES, INC., | : | |
| *Defendants.* | : | |

**PLAINTIFF POM OF PENNSYLVANIA, LLC'S RESPONSE
IN OPPOSITION TO DEFENDANT'S CONTESTED MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF ITS MOTION TO DISMISS**

The Court should deny Defendant Pyramid Technologies, Inc.'s ("Pyramid") Contested Motion to Stay Discovery Pending Resolution of its Motion to Dismiss (ECF No. 28) (the "Motion"). The Motion provides no legitimate basis for this Court to take the unusual and unnecessary step of staying discovery. As discussed below, this Court should allow discovery to proceed in the normal course while it considers Pyramid's Motion to Dismiss the Complaint. Accordingly, Plaintiff POM of Pennsylvania's ("POM") respectfully requests that the Court deny the Motion.

The moving party on a motion to stay discovery carries the burden of demonstrating "good cause" for suspending the discovery process. *See* Fed. R. Civ. P. 26(c). In addition, "[m]otions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) (quoting *Coca-Cola*

*Bottling Co. of Lehigh Valley v. Grol*, 1993 WL 13139559, at \*2 (E.D. Pa. Mar. 8, 1993)).

Further, "it is well settled that the mere filing of a dispositive motion does not constitute 'good

cause' for the issuance of a discovery stay." *Marrero v. MJ Ministries Spreading the Gospel,*

*Inc.*, 2023 WL 173917, at \*4, n.37 (E.D. Pa. Jan. 12, 2023) (quotations and citation omitted). In

short, Pyramid faces a significant burden to completely stay discovery in this case.

In its Motion, Pyramid cites five factors that this Court should consider in addressing its

request to stay discovery, but it misapplies those factors in this case. *See* Motion at 2-3; *see also*

*McLafferty v. Deutsche Lufthansa A.G.*, 2008 WL 4612856, at \*1 (E.D. Pa. Oct. 15, 2008)

("[T]he decision whether to grant a stay must be made on a case-by-case basis.") (quotations and

citation omitted). These factors, when properly considered, do not demonstrate the "good cause"

needed to stay discovery.

The first factor Pyramid cites—the interest of POM in proceeding expeditiously with this

litigation and the potential prejudice to POM from any delay—does not support staying

discovery. As asserted in POM's Complaint, Pyramid, through its Sentry software, is

surreptitiously accessing POM's games without authorization and siphoning POM's confidential

business information from these games for its own use. POM needs to proceed with discovery

and this litigation expeditiously to fully determine how much of its confidential business

information Pyramid has unlawfully accessed and how Pyramid has used or disclosed it, so that

it can fully protect its interests. Any delay will not only allow Pyramid to continue this conduct,

but it will also put POM's confidential business information in further jeopardy and seriously

prejudice POM. POM will not, as Pyramid claims in its Motion, benefit from staying discovery.

*See* Motion at 2.

2

The second factor Pyramid cites —the burden that may be imposed on Pyramid—also does not support staying discovery. Any burden on Pyramid will be minimal and no different than the typical discovery burden that any defendant faces in litigation. Pyramid does not identify any unusual or extraordinary burden that it will face if discovery proceeds. Rather, Pyramid simply references its Motion to Dismiss that challenges this Court's jurisdiction. *Id.* at 2. But POM has filed its opposition to the Motion to Dismiss and, as discussed therein, Pyramid's standing challenge lacks merit and is not supported by applicable law. *See* POM's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint (ECF No. 24).

The third factor Pyramid cites —convenience of the Court and efficient use of judicial resources—also does not support staying discovery. This Court's Policies and Procedures do not favor staying discovery. *See* U.S. District Judge John Milton Younge Policies and Procedure: General Matters, Civil Cases, and Criminal Cases at 10, Civil Cases §(A)(1) ("Judge Younge requires the parties to commence discovery immediately upon receipt of the Order scheduling the Rule 16 conference, and he expects the parties to conduct substantial discovery before the Rule 16 conference."); *see also* November 28, 2023 Order for Rule 16 Conference (ECF No. 13) at 1, ¶2 ("The parties shall commence discovery immediately and shall have conducted substantial discovery before the Rule 16 conference."). Moreover, Pyramid does not explain how this Court considering the Motion to Dismiss while the parties conduct discovery would be an inefficient use of judicial resources.

The fourth factor Pyramid cites —the interests of persons not parties to the litigation— also does not support staying discovery. In support of this argument, Pyramid references the owners/operators of locations where POM's games are found and POM's parent. *See* Motion at 2. Pyramid does not, however, explain how either of these third parties will be burdened. It is not

3

clear that any discovery even will be required from owners/operators and POM's parent is not raising any general objection to proceeding with discovery. Moreover, any necessary third-party discovery is not likely to occur until after the parties have obtained initial discovery from each other, by which time it is likely that the Court will have ruled on Pyramid's Motion to Dismiss. In short, Pyramid identifies no specific burden on any third parties that would support staying discovery.

Finally, the fifth factor Pyramid cites —the public interest—also does not support staying discovery. The public has no real interest in this private business dispute. Pyramid's Motion references venue and choice-of-law clauses, but these do not implicate any legitimate public interest. Furthermore, as discussed in POM's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint, these clauses are not involved in, and are inapplicable to, this lawsuit. *See* ECF No. 24. Simply stated, there is no public interest here that warrants staying discovery.

Accordingly, for all of the reasons set forth above, this Court should reject Pyramid's request to stay discovery. POM respectfully request that the Court deny Pyramid's Motion.

Respectfully submitted,

Dated: February 1, 2024

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Eric J. Schreiner (No. 76721)
Shohin Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
eschreiner@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiff POM of Pennsylvania, LLC*

4

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of Plaintiff's Response in

Opposition to Defendant's Motion to Stay Discovery Pending Resolution of its Motion to

Dismiss to be served via the Court's CM/ECF system on all counsel of record.

Respectfully submitted,

Dated: February 1, 2024

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Eric J. Schreiner (No. 76721)
Shohin Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
eschreiner@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiff POM of Pennsylvania, LLC*