**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  | : |  |
|---|---|---|
| POM OF PENNSYLVANIA, LLC, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 2:23-cv-04348-JMY |
| | : | |
| PYRAMID TECHNOLOGIES, INC., | : | |
| | : | |
| *Defendants.* | : | |
| | : | |
| | : | |

**PLAINTIFF POM OF PENNSYLVANIA, LLC'S
SUR-REPLY BRIEF IN RESPONSE TO DEFENDANT'S REPLY BRIEF IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINITFF'S COMPLAINT**

Per Section A.5 of the Court's Policies and Procedures, Civil Cases, Plaintiff POM of

Pennsylvania, LLC ("POM") submits this sur-reply brief in response to Defendant Pyramid

Technologies, Inc.'s ("Pyramid") Reply Brief in Support of Defendant Pyramid Technologies,

Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 30) (the "Reply Brief"). Pyramid's

Reply Brief mainly just repeats and rehashes arguments it already made in its Memorandum of

Law in Support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 16), which POM has

addressed in its Memorandum of Law in Opposition to Defendant's Motion to Dismiss

Complaint (ECF No. 24) ("POM's Opposition Brief"). POM submits this sur-reply brief to

address several arguments raised by Pyramid in its Reply Brief that were not addressed in

POM's Opposition Brief.

**I.     The Information at issue is Confidential**

Pyramid continues to assert the baseless argument in its Reply Brief that the aggregate

cash-out data at issue in the Complaint is not confidential. In its Reply Brief, Pyramid adds a

new twist to this argument by claiming that data is not confidential because "[p]lay on the POM Game is conducted publicly." *See* Reply Brief at p. 3. Pyramid's focus on the game play completely misses the point. Just because game play is public does not mean the aggregated cash-out data for every player who has played the game is public. As POM set forth in its Opposition Brief, it is not. This data only is available from the POM Game itself; no third party, including any attendant at an establishment hosting the POM Games, collects this aggregate data. Pyramid's new twist on its argument is unavailing—the facts alleged in the Complaint and the applicable law demonstrate that the aggregate cash-out data is confidential business information.

Pyramid also mischaracterizes POM's argument in its Opposition Brief by asserting that POM is claiming the cash-out data is a trade secret. *Id.* POM is not asserting that the cash-out data is a trade secret because it does not need to do so to plead the counts in the Complaint. POM has not asserted a claim under the Pennsylvania Uniform Trade Secrets Act or the Federal Defend Trade Secrets Act. Indeed, whether this data is a trade secret is irrelevant, but Pyramid raises this new argument to distract the Court from the reality that this information is, at a minimum, confidential. At the same time, Pyramid makes the argument that the case law cited by POM involving trade secrets is inapposite because POM's Complaint does not allege that the information at issue is a trade secret under Pennsylvania law. *Id.* This argument makes little sense. The threshold for information to qualify as confidential business information is lower than threshold for qualifying as a trade secret. These cases are applicable because if business information is found to be a trade secret, it necessarily qualifies as confidential business information.

In short, POM's Complaint demonstrates that the cash-out data at issue in the Complaint is confidential business information.

**II.**

## III.    POM Has Standing.

Pyramid claims in its Reply Brief that POM is using its briefing to re-write its Complaint to demonstrate the concrete harm required for standing. *See* Reply Brief at p. 5. Not so. Pyramid simply wants the Court to ignore many of the allegations in the Complaint and focus on one specific paragraph, which Pyramid claims is the only place where POM alleges harm. As POM's Opposition Brief makes clear with numerous cites to allegations in the Complaint, POM has pleaded concrete harm sufficient to confer standing in its Complaint. *See* Opposition Brief at p. 5-9. That is all POM needs to do.

Pyramid also contends in its Reply Brief that "[s]imply asserting that confidential information is being misappropriated is insufficient by itself to establish a concrete injury" and that POM must demonstrate damages. *See* Reply Brief at p. 5. That is an incorrect statement of the law and inconsistent with the Supreme Court's holding in *TransUnion LLC v. Ramirez,* 594 U.S. 413, 425 (2021). *See* Opposition Brief at p. 5 and 9-10. Pyramid confuses the concrete harm

3

needed for standing with damages, but they are not the same. Simply stated, nothing in Pyramid's initial brief or Reply Brief demonstrates that POM lacks standing.

**IV.     POM Pleads a Valid CFAA Claim**

In it Reply Brief Pyramid doubles down on its baseless argument that POM's Complaint does not plead a valid claim under the Computer Fraud and Abuse Act ("CFAA"). Pyramid repeats its disingenuous argument that the POM Game is not a "protected computer" because it is not connected to the internet, but it still cannot point to a single case in support of this argument holding that an internet connection is an actual requirement to satisfy the definition of a "protected computer". *See* Reply Brief at p. 7-8. There are none because an internet connection is not a requirement.

Pyramid also claims that POM's Complaint does not plead that Pyramid accessed the POM Game, yet at the same time Pyramid admits that, through Sentry, it accesses the game. *See* Reply Brief at p. 9 (Pyramid acknowledges that "Sentry 'pairs' with the Printer installed in the POM Game."). In any case, as set forth in its Opposition Brief, POM's Complaint pleads access by Pyramid. *See* Opposition Brief at p. 13. Now Pyramid also has admitted access. Access simply is not an issue and the Court should reject Pyramid's baseless argument on this subject.

Pyramid further argues in its Reply Brief that any access was authorized, pointing to a number of things it claims POM has not alleged in the Complaint, such as whether POM alone controls access to the POM Game and who actually owns the POM Game. *See* Reply Brief at p. 10. This is more smoke and mirrors by Pyramid. What purportedly is not alleged in the Complaint is not important. What matters is whether POM has alleged in the Complaint that

Pyramid's access was not authorized, and POM plainly has pleaded that Pyramid lacked *any* authorization to access cash-out data from the POM Game.[1] *See* Opposition Brief at p. 13-14.

Accordingly, for all of the reasons set forth above, as well as those in POM's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Complaint (ECF No. 24), POM respectfully request that the Court deny Pyramid's Motion to Dismiss.

Respectfully submitted,

Dated: February 6, 2024

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Eric J. Schreiner (No. 76721)
Shohin Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
eschreiner@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiff POM of Pennsylvania, LLC*

---

[1] Pyramid simplistically claims that "Sentry scans publicly available tickets." *See* reply Brief at p. 10. This statement is misleading because, as alleged in the Complaint and as admitted by Pyramid, Sentry does much more than that. It directly interacts with the internal POM Game printer, causes that printer to add a second QR Code to winning tickets containing confidential cash-out data, and ultimately collects that data and provides it to Pyramid.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Plaintiff's Sur-Reply Brief to be served via the Court's CM/ECF system on all counsel of record.

Respectfully submitted,

Dated: February 6, 2024

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Eric J. Schreiner (No. 76721)
Shohin Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
eschreiner@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiff POM of Pennsylvania, LLC*