**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, | |
| Plaintiff, | Civil Action No. 2:23-cv-04348-JMY |
| v. | |
| PYRAMID TECHNOLOGIES, INC., | |
| Defendant. | |

**DEFENDANT PYRAMID TECHNOLOGIES, INC.'S**
**ANSWER TO COMPLAINT**

Defendant Pyramid Technologies Inc. ("Pyramid"), by and through its undersigned counsel, provides the following Answer to the Complaint (ECF No. 1) filed by Plaintiff POM of Pennsylvania, LLC ("POM"). Titles or headings contained in POM's Complaint are reproduced in this Answer for organizational purposes only, and Pyramid does not admit any matter contained therein. Except as expressly admitted below, Pyramid denies each and every assertion in the Complaint.

**PARTIES**

1. Pyramid lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis.

2. Admitted.

**JURISDICTION AND VENUE**

3. This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

4. This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

5. This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

6. This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

**FACTUAL ALLEGATIONS**

7. Pyramid lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis.

8. Pyramid lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis.

9. Admitted in part, and denied in part. Pyramid admits that the POM Game, as that term is defined in the Complaint, has a bill acceptor component. Except as otherwise admitted, the allegations of this paragraph are denied.

10. Admitted in part, and denied in part. Pyramid admits that the POM Game, as that term is defined in the Complaint, has an internal printer. Except as otherwise admitted, the allegations of this paragraph are denied.

11. Admitted in part, and denied in part. Pyramid admits that the POM Game, as that term is defined in the Complaint, has a cash-out button component. Except as otherwise admitted, the allegations of this paragraph are denied.

12. Admitted in part, and denied in part. Pyramid admits that the internal printer in the POM Game, as that term is defined in the Complaint, prints a ticket voucher, which can be redeemed for cash. Except as otherwise admitted, the allegations of this paragraph are denied.

13. Admitted in part, and denied in part. Pyramid admits that it manufacturers printers that are used as a component in many games, one of which is the POM Game. Except as otherwise admitted, the allegations of this paragraph are denied.

14. Admitted.

15. Admitted.

16. Admitted.

17.    Admitted in part, and denied in part. Pyramid admits that the POM Game, as that term is defined in the Complaint, is sometimes co-located in an establishment that also has a Ticket Redemption Terminal ("TRT"). Except as otherwise admitted, the allegations of this paragraph are denied.

18.    Pyramid lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis.

19.    Pyramid lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis.

20.    Admitted in part, and denied in part. Pyramid admits that its Sentry software can be used in TRT machines. Except as otherwise admitted, the allegations of this paragraph are denied.

21.    Admitted in part, and denied in part. Pyramid admits that its Sentry software can be used to read ticket vouchers. Except as otherwise admitted, the allegations of this paragraph are denied.

22.    Admitted in part, and denied in part. Pyramid admits that its Sentry software can be used in TRT machines and, upon information and belief, is used in Pennsylvania. Pyramid otherwise lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis.

23.    Admitted in part, and denied in part. Pyramid admits that the Sentry can be used to scan tickets printed as an output of the POM Game, and that the POM Game has as one of its component parts a printer produced by Pyramid. Except as otherwise admitted, the allegations of this paragraph are denied.

24.    This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

25.    Admitted in part, and denied in part. Pyramid admits that the Sentry can be used to scan tickets printed as an output of the POM Game, as that term is defined in the Complaint.. Except as otherwise admitted, the allegations of this paragraph are denied.

26.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

27.     Pyramid lacks sufficient information to confirm the allegations of this paragraph, which are denied on that basis. Namely, the terms "POM-approved TRT" and "POM-specific QR code" are undefined.

28.     Denied.

29.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

30.     Denied.

31.     Denied.

32.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

33.     Denied.

34.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

35.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

36.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

37.     Denied.

38.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

39.     This paragraph asserts legal conclusions to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph. Pyramid vigorously denies that Pyramid "changed the behavior" of printers in the POM Game or "siphoned data" from the POM Game.

40.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

**COUNT I: VIOLATION OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT**
**(18 U.S.C. § 1030)**

41.     Pyramid incorporates by reference its responses to the paragraphs above as though set forth herein.

42.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

43.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

44.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

45.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

46.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

47.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

48.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

49.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

50.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

51.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

52.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

Pyramid denies that POM is entitled to any relief.

### COUNT II: MISAPPROPRIATION AND MISUSE OF CONFIDENTIAL BUSINESS INFORMATION

53.     Pyramid incorporates by reference its responses to the paragraphs above as though set forth herein.

54.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

55.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

56.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

57.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

58.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

Pyramid denies that POM is entitled to any relief.

### COUNT III: VIOLATION OF THE PENNSYLVANIA CONSUMER PROTECTION AGAINST COMPUTER SPYWARE ACT

59.     Pyramid incorporates by reference its responses to the paragraphs above as though set forth herein.

60.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

61.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

62.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

63.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

64.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

65.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

66.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

67.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

68.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

69.     This paragraph asserts a legal conclusion to which no response is needed. To the extent a response is needed, Pyramid denies the allegations of this paragraph.

Pyramid denies that POM is entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Based on the knowledge and information available to date, Pyramid asserts the following as separate defenses and affirmative defenses. Pyramid does not assume the burden of proof on the below defenses and affirmative defenses where the burden is otherwise on POM under applicable law. Pyramid reserves the right to amend this Answer to add additional defenses and affirmative defenses.

A.     **Failure to State a Claim:** POM fails to state a claim for which relief can be granted.

B.     **Lack of Standing:** POM lacks standing to pursue their claims.

C.      **No Damages:** POM has suffered no actual damages as a result of the conduct alleged in the Complaint.

D.      **Failure to Mitigate Damages:** If Plaintiffs has purported injuries, POM failed to mitigate any damages incurred.

E.      **Effect of Governing Agreement:** In the event that "Confidential Information," as that term is defined in the Non-Disclosure Agreement between Pyramid and POM's parent company is implicated in this litigation, the Agreement's terms mandate the application of Georgia law and a Georgia venue.

F.      **Unavailable Relief:** POM asserts relief that is unavailable. Among other things, POM fails to assert any outrageous conduct that would warrant the imposition of punitive damages.

G.      **Mootness:** The allegations of the Complaint are moot.

H.      **Failure to Meet Statutory Elements:** The Complaint fails to meet required elements of the Computer Fraud and Abuse Act (Count I) or the Spyware Act claim (Count III).

I.      **Not Confidential:** The allegations in the Complaint refer to information that is not confidential.

J.      **Unclean Hands:** The doctrine of unclean hands applies to this dispute.

K.      **Failure to Join an Indispensable Party:** POM has failed to join one or more indispensable parties, such as its parent. In addition, POM alleges that owners/operators of the locations where POM Game units are used are in violation of their individual contracts with POM. Compl. ¶ 22. Pyramid is not a party to these contracts, if they exist. To the extent this lawsuit is about one or more non-party's purported violations, not those of Pyramid, the case must be dismissed on that basis alone.

[Signature Page Follows]

-9-

Dated:  March 25, 2024

**DILWORTH PAXSON LLP**
Timothy J. Ford, Attorney ID: 325290
tford@dilworthlaw.com
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: +1.215.575.7017
Facsimile: +1.215.575.7200

**PERKINS COIE LLP**
By:  /s/ Barak Cohen
Barak Cohen, Admitted *pro hac vice*
BCohen@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200 Facsimile:
+1.202.654.6211

Thomas J. Tobin, Admitted *pro hac
vice* TTobin@perkinscoie.com
1201 Third Avenue, Suite 4900 Seattle,
Washington 98101-3099 Telephone:
+1.206.359.8000 Facsimile:
+1.206.359.9000

*Attorney for Defendant
Pyramid Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was served upon the following via email on the date specified below:

*Via Email:*

Matthew H. Haverstick
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
215-568-2000
Fax: 215-568-0140
Email: mhaverstick@kleinbard.com


Date: March 25, 2024


/s/*Barak Cohen*
Barak Cohen


CERTIFICATE OF SERVICE