**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PYRAMID TECHNOLOGIES, INC., <br><br> Defendant. | Civil Action No. 2:23-cv-04348-JMY |

**DEFENDANT PYRAMID TECHNOLOGIES, INC.'S
MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37 and this Court's Policies and Procedures B.2, Defendant Pyramid Technologies, Inc. ("Pyramid"), by and through its undersigned counsel, hereby moves for entry of an Order compelling Plaintiff POM of Pennsylvania, LLC ("POM") to advance discovery in this matter. Specifically, Pyramid requests the Court order the filing of a protective order, a pre-requisite to the exchange of written of discovery, which has been languishing for a month due to POM's delay. Because of POM's delay, Pyramid also requests a set date for the parties to begin exchanging document discovery and an extension of discovery for 60 days. This Motion is supported by the accompanying Declaration of Barak Cohen ("Cohen Decl.").

**I.    BACKGROUND**

The Court entered its initial scheduling order in this matter on January 24, 2024. Dkt. No. 27. This Order required fact discovery to be closed on May 24, 2024. Pyramid moved the Court to stay discovery during the pendency of its Motion to Dismiss on January 29, 2024, and POM opposed this stay on February 1, 2024. Dkt. Nos. 28, 32. Notwithstanding its publicly-filed opposition to an earlier stay, counsel for POM wrote to Pyramid's counsel on February 9, 2024 requesting a 30 day extension to respond to Pyramid's discovery requestions. Cohen Decl., ¶ 2, Ex. A. Pyramid did not oppose, provided that the extension was reciprocal. *Id.* Subsequently,

167690118.3

counsel for POM requested this Court extend discovery by 60 days on May 3, 2024, a request that Pyramid did not oppose, and which the Court granted. Dkt. No. 40.

During the course of exchanging and discussing initial discovery requests, the parties agreed that a stipulated protective order was a prerequisite to substantive discovery because of the proprietary information in question. Indeed, on March 14, 2024, POM acknowledged in writing that it was "willing to agree to a stipulated protective order that would apply to discovery in this action," and that such proposed stipulated order was included with the letter for Pyramid's consideration. Cohen Decl., ¶ 3, Ex. B at 3. No such draft was attached. On March 21, 2024, counsel for Pyramid wrote to inquire about the availability of this draft protective order, and repeated this request during a telephonic meet-and-confer on April 11, 2024.  Counsel for POM stated at that time a draft would be forthcoming.

On April 25, 2024, counsel for POM circulated a draft stipulated protective order.

On May 3, 2024, Pyramid's counsel provided minor proposed redlined changes to the draft order's language for consideration by counsel to POM. On May 14, 2024, counsel to Pyramid asked counsel to POM regarding the status of the stipulated protective order and, relatedly, a deadline for reciprocal productions given the delayed provision of the protective order. POM did not respond. Nor did POM respond to a similar email inquiry that counsel to Pyramid sent on May 22, 2024.

On May 31, 2024, Pyramid's counsel called counsel to POM regarding the order, and counsel to POM stated that POM is still considering the edits to the stipulated protective order and the request for a reciprocal production date.

On June 3, 2024, one month after counsel to Pyramid sent initial edits to the draft order, and after repeated attempts to advance discovery, Pyramid's counsel sent a letter to counsel for POM requesting a timeline for finalization of the draft order and a reciprocal production date. Cohen Decl., ¶ 4, Ex. C. Meanwhile, Pyramid has diligently continued to collect documents from custodians and conduct document review for responsiveness and privilege in the hope that discovery in this matter proceeds expeditiously once the long-delayed protective order is granted.

## II.     ARGUMENT

POM's delay in finalizing a protective order has materially delayed the discovery in this matter. The Court should order POM to provide revisions to the draft protective order expeditiously, and the Parties to get the stipulated protective order on file. Given POM's delay, an extension of time for fact discovery is also needed as the close of fact discovery is now only weeks away.

### A.     Legal Standard on Motions to Compel

Pursuant to Federal Rule of Civil Procedure 37(a)(1), the Court has authority to enter an order compelling disclosure or discovery. The moving party must initially demonstrate the relevance of the information sought to a particular claim or defense. *Dietzel v. Costco Wholesale*, No. 22-CV-0035, 2022 WL 2703612, at \*2 (E.D. Pa. July 12, 2022) (granting, in relevant part, motion to compel production of video recordings in slip-and-fall case) (citations omitted). Relevance in this context has been "construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case." *Id.* (citations omitted).

### B.     POM's Delay Has Materially Delayed Discovery in this Matter

A protective order is highly relevant in this case because POM's discovery requests implicate commercially sensitive and confidential information. POM's requests require Pyramid to provide information about, among other things (i), technical specifications about how Pyramid's printer and Sentry systems operate and (ii) technical discussions between Pyramid and POM made pursuant to a Non-Disclosure Agreement. Moreover, POM's lax approach to this protective order is at odds with its theory of the case. That is, if POM considers its cash-out data confidential—an allegation Pyramid contests—then it should act to protect its confidentiality through the discovery process. POM has delayed finalizing a protective order that would shield information exchanged in this case from further disclosure, despite multiple attempts from Pyramid to prompt POM's to do so.

Unfortunately, it is now June 2024 and fact discovery is due to close in July 2024. Court involvement is necessary to compel the filing of the protective order necessary to safeguard information and documents exchanged in this litigation, and to set a date for reciprocal discovery. *See Commodore Bus. Machines, Inc. v. Oceanic Elecs. Corp.*, No. CIV. A. 89-2764, 1990 WL 175616, at *1 (E.D. Pa. Nov. 8, 1990) (ordering the submission of a protective order). Furthermore, an extension of the fact discovery deadline by 60 days is needed given POM's failure to provide an agreed-upon reciprocal production date and finalization of the stipulated protective order.

## III.    CONCLUSION

For the reasons set forth herein, Pyramid asks that this Court enter an Order compelling the filing of a stipulated protective order within seven days, setting a date for reciprocal document production, and extending deadlines for fact discovery given POM's delay.

Dated:  June 10, 2024

**DILWORTH PAXSON LLP**


Timothy J. Ford, Attorney ID: 325290
tford@dilworthlaw.com
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: +1.215.575.7017
Facsimile: +1.215.575.7200

**PERKINS COIE LLP**


By: */s/ Barak Cohen*
Barak Cohen, Admitted *pro hac vice*
BCohen@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile:  +1.202.654.6211

Thomas J. Tobin, Admitted *pro hac vice*
TTobin@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

## LOCAL CIVIL RULE 26.1(F) CERTIFICATION

Pursuant to Local Civil Rule 26.1(f) and this Court's Policies and Procedures B.2, the undersigned makes the following certification. I hereby certify that counsel for Pyramid has made reasonable efforts to obtain the relief sought by this motion.

In its responses to POM's first set of discovery requests, counsel for Pyramid explained that due to the confidentiality of information implicated in this case, Pyramid required the entry of protective order prior to the exchange of document discovery. On March 14, counsel for POM provided Pyramid's counsel with a letter stating "POM is willing to agree to a stipulated protective order that would apply to discovery in this action." Cohen Decl., ¶ [_], Ex. [_] at 3. POM further represented that a "proposed stipulated order is included with this letter for your consideration." *Id.*

On April 11, 2024, counsel for the parties participated in a meet-and-confer at which they discussed they discussed the missing protective order draft, and POM's counsel. On April 25, 2024, counsel for POM provided a draft stipulated protective order to Pyramid's counsel.

On May 3, 2024, Pyramid's counsel provided minor proposed redlined changes to the draft order's language for consideration by counsel to POM. On May 14, 2024, counsel to Pyramid asked counsel to POM regarding the status of the stipulated protective order and, relatedly, a deadline for reciprocal productions given the delayed provision of the protective order. POM did not respond. Nor did POM respond to a similar email inquiry that counsel to Pyramid sent on May 22, 2024.

On May 31, 2024, Pyramid's counsel called counsel for POM, and who stated that POM is still considering the edits to the stipulated protective order. On June 3, 2024, Pyramid's counsel communicated a letter to counsel for POM requesting a timeline for finalization of the draft protective order and a reciprocal production date. Cohen Decl., ¶ 4, Ex. C.

Date: June 10, 2024

/s/ *Barak Cohen*  
Barak Cohen

-6-

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing System (CM/ECF) on the date specified below:

*Via CM/ECF:*

Matthew H. Haverstick
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
215-568-2000
Fax: 215-568-0140
Email: mhaverstick@kleinbard.com

Date: June 10, 2024

/s/ *Barak Cohen*
Barak Cohen