**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PYRAMID TECHNOLOGIES, INC.,<br><br>Defendant. | Civil Action No. 2:23-cv-04348-JMY |

**DEFENDANT PYRAMID TECHNOLOGIES, INC.'S**
**SECOND MOTION TO COMPEL**

Pursuant to Federal Rule of Civil Procedure 37 and the Policies and Procedures for Civil Cases B.2 of U.S. District Judge John Milton Younge, Defendant Pyramid Technologies, Inc. ("Pyramid"), by and through its undersigned counsel, hereby moves for entry of an Order compelling Plaintiff POM of Pennsylvania, LLC ("POM") to advance discovery in this matter. This is the second motion to compel POM to comply with its discovery obligations in a case that POM itself brought.

Pyramid requests the Court order POM to commit to a date certain for reciprocal document production. This is the second time Pyramid has requested this relief. In the conference held on July 9, 2024, regarding Pyramid's first motion to compel, after having delayed the onset of discovery by avoiding finalization of a protective order, POM agreed that reciprocal document production between the parties would occur on August 8, 2024. This deadline was then extended by another two weeks. Now, POM has failed to meet this indulgent timeline, calling into question whether it actually intends to litigate its own lawsuit. To avoid prejudice as a result, Pyramid requests assistance from the Court in order to expedite discovery, and also to extend discovery by 90 days because of POM's delay.

## BACKGROUND

The Court entered its initial scheduling order on January 24, 2024. Dkt. No. 27. The Order required fact discovery to be closed on May 24, 2024. Pyramid moved the Court to stay discovery during the pendency of its Motion to Dismiss on January 29, 2024, and POM opposed this stay on February 1, 2024. Dkt. Nos. 28, 32. Notwithstanding its publicly filed opposition to an earlier stay, counsel for POM wrote to Pyramid's counsel on February 9, 2024 requesting a 30-day extension to respond to Pyramid's discovery requestions. Cohen Decl., ¶ 2, Ex. A. Pyramid did not oppose, provided that the extension was reciprocal. *Id.* Subsequently, counsel for POM requested that this Court extend discovery by 60 days on May 3, 2024, a request that Pyramid did not oppose, and which the Court granted. Dkt. No. 40.

Pyramid filed its first motion to compel on June 10, 2024. Dkt. No. 42. As explained in that motion, for more than a month beforehand, POM ignored multiple emails and calls from Pyramid's counsel regarding finalization of the then-pending protective order in this matter. The Court held a hearing on Pyramid's first motion to compel on July 9, 2024. Dkt. Nos. 43, 44. On the very day of this hearing, POM finally chose to respond to Pyramid's counsel regarding proposed changes to and finalization of the protective order. Declaration of Barak Cohen ("Cohen Decl.") ¶ 2, Ex. A at 5. Following the July 9, 2024, hearing, the Court issued an order extending discovery deadlines in this matter. Dkt. No. 46.

Also on July 9, 2024, counsel for Pyramid wrote to POM's counsel requesting confirmation that the date of reciprocal document production would be August 8, 2024. Cohen Decl. ¶ 3, Ex. B at 1. POM's counsel confirmed that date in writing. *Id.* Regardless, on August 1, 2024, POM's requested additional time to make POM's production, a request to which Pyramid agreed. *Id.* ¶ 2, Ex. A at 3. Pyramid subsequently conveyed to the Court that the parties had agreed to extend the reciprocal production deadline from August 8, 2024, to August 22, 2024. Cohen Decl. ¶ 3, Ex. B at 1; *Id.* ¶ 4, Ex. C at 1.

On August 19, 2024, only a few days before the repeatedly delayed production deadline, POM's counsel requested yet another discovery extension. POM's counsel wrote to counsel for

Pyramid that "POM will not be in a position to exchange documents," despite the additional extensions. *Id.* ¶ 2, Ex. A at 2. In light of POM's repeated stalling, and the fact that POM itself had selected the timing of the filing of its suit *and proposed the length of the original extension*, Pyramid logically responded that an additional extension was unreasonable, and further indicated that it would seek to compel the discovery. Counsel for Pyramid has contacted POM's counsel by telephone, and POM's counsel has reiterated that POM is not ready to produce documents.

Meanwhile, Pyramid has diligently sought to fulfil its discovery obligations by continuing to collect and review documents in the hope that POM will—for once—actually meet a discovery deadline in the lawsuit that it has chosen to file.

ARGUMENT

Pursuant to Federal Rule of Civil Procedure 37(a)(1), the Court has authority to enter an order compelling disclosure or discovery. POM's repeated delays, strategic obfuscation, and refusal to respond to communications from Pyramid and court orders has materially delayed discovery. The Court should order POM to produce documents expeditiously. Given POM's delay, an extension of time for fact discovery is also needed for Pyramid to determine any additional discovery and take depositions to avoid prejudice to its ability to prepare its defense as the close of fact discovery is now only weeks away.

## I.      POM'S DELAY HAS MATERIALLY DELAYED DISCOVERY

The production of documents responsive to requests for production ("RFPs") is a critical piece of discovery in this matter. The parties conferred in April 2024 and agreed to produce documents following that meet-and-confer following the entry of a protective order in this matter. Now that a protective order has been entered, discovery should progress. Even so, POM continues to stall. The production of responsive documents is a key part of preparations for eventual depositions in this matter. POM's delay has frustrated this process and now means there is less time to review responsive document prior to depositions.

POM's lax approach to this document discovery is at odds with its purported theory of the case, which alleges that POM has suffered and continues to suffer some nebulous injury. But,

inexplicably, POM is not acting with any deliberate speed to demonstrate or prevent these supposed damages, despite multiple attempts by Pyramid to litigate this case. POM's curious approach to this lawsuit only makes sense if POM is using this litigation as a business strategy to intimidate a supplier, rather than as a means to redress or prevent injury. *See* Mem. in Support of Pyramid's Motion to Dismiss, Dkt. No. 16 at 8.

Unfortunately, it is now August 2024 and fact discovery is due to close in October 2024. The document productions contemplated at the parties' April 11, 2024, meet-and-confer have not yet occurred because of POM's delay. Unfortunately, court involvement is necessary to compel POM to meet its obligations for reciprocal document discovery. Furthermore, an extension of the fact discovery deadline by 90 days is needed given POM's failure to meet its previously agreed-upon reciprocal production date.

## CONCLUSION

For all the above reasons, Pyramid respectfully requests that the Court order (i) the parties to engage in reciprocal discovery five business (5) days after entry of the Court's Order on this motion to compel, and (ii) given POM's delay, extend deadlines for fact discovery by 90 days until January 22, 2024.

Dated: August 22, 2024

**DILWORTH PAXSON LLP**

Timothy J. Ford, Attorney ID: 325290
tford@dilworthlaw.com
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: +1.215.575.7017
Facsimile: +1.215.575.7200

**PERKINS COIE LLP**

By: _/s/ Barak Cohen_
Barak Cohen, Admitted *pro hac vice*
BCohen@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile:  +1.202.654.6211

By: _/s/ Thomas J. Tobin_
Thomas J. Tobin, Admitted *pro hac vice*
TTobin@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

## LOCAL CIVIL RULE 26.1(F) CERTIFICATION

Pursuant to Local Civil Rule 26.1(f) and this Court's Policies and Procedures B.2, the undersigned makes the following certification. I hereby certify that counsel for Pyramid has made reasonable efforts to obtain the relief sought by this motion.

On July 9, 2024, counsel for Pyramid wrote to POM's counsel requesting confirmation that the date of reciprocal document production would be August 8, 2024. Cohen Decl. ¶ 3, Ex. B at 1. POM's counsel confirmed that date in writing. *Id.* Regardless, on August 1, 2024, POM's requested additional time to make POM's production, a request to which Pyramid agreed. *Id.* ¶ 2, Ex. A at 3. Pyramid subsequently conveyed to the Court that the parties had agreed to extend the reciprocal production deadline from August 8, 2024, to August 22, 2024. Cohen Decl. ¶ 4, Ex. B at 1; *Id.* ¶ 5, Ex. C at 1.

On August 19, 2024, only a few days before the repeatedly delayed production deadline, POM's counsel requested yet another discovery extension. POM's counsel wrote to counsel for Pyramid that "POM will not be in a position to exchange documents," despite the additional extensions. *Id.* ¶ 2, Ex. A at 2. Pyramid responded that an additional extension was unreasonable and indicated that it would seek to compel the discovery.

Date: August 22, 2024

/s/*Barak Cohen*
Barak Cohen

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing System (CM/ECF) on the date specified below:

*Via CM/ECF:*

Matthew H. Haverstick
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
215-568-2000
Fax: 215-568-0140
Email: mhaverstick@kleinbard.com

Date: August 22, 2024

/s/*Thomas J. Tobin*
Thomas J. Tobin