**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PYRAMID TECHNOLOGIES, INC.,<br><br>    Defendant. | Civil Action No. 2:23-cv-04348-JMY |

**STATUS REPORT AND MOTION FOR SANCTIONS**

Pyramid Technologies, Inc. ("Pyramid"), by and through its undersigned counsel, hereby submits its Motion for Sanctions against Plaintiff POM of Pennsylvania, LLC ("POM"). POM filed its complaint on November 7, 2023, almost a year ago today. Over the past year, POM has repeatedly failed to pursue its case, and to date has still failed to produce any meaningful discovery. During the last status conference, the Court indicated that POM may be subject to sanctions if it continued to delay and did not produce meaningful discovery. The Court asked counsel for Pyramid to provide an update in advance of the next status hearing, set for November 12, explaining whether POM has complied with its discovery obligations. POM has failed to do so. Accordingly, Pyramid asks the Court to grant its motion for sanctions.

**BACKGROUND AND STATUS OF DISCOVERY**

**I.    Background**

Discovery in this case has been ongoing for over nine months, and the parties have yet to schedule their first depositions. Because of POM's constant delay tactics, Pyramid has received almost no meaningful discovery. POM has employed the same tactics every step of the way. First, it ignores Pyramid's requests to engage in discovery. As deadlines approach, POM then asks for extension after extension. And after Pyramid is forced to seek Court intervention to stop these delay tactics, POM provides just enough information to make it appear to the Court that it is acting

in good faith. Now that the pattern is clear, the Court should not allow POM to continue these bad faith delay tactics any longer.

At the outset, POM ignored Pyramid's numerous requests to finalize a protective order that would allow discovery to proceed in earnest. On March 14, POM stated it was willing to agree to a stipulated protective order. Dkt. No. 42-1 at 10. But even after repeated reminders from Pyramid, POM failed to take any action for over almost two months. Dkt. No. 42 at 2. Finally, on June 10, Pyramid filed a motion to compel asking the Court to compel the filing of a stipulated protective order. Dkt. No. 42. The Court set a hearing on the motion for July 9. Dkt. No. 43. *On the day of the hearing*, POM finally responded to Pyramid's counsel, agreeing to a finalized protective order. Dkt 49 at 8. Here, POM wasted both Pyramid and the Court's time by delaying until the last possible moment to agree to the protective order.

On the same day of that status hearing on July 9, the parties agreed to reciprocal discovery production on August 8. Dkt No. 49 at 8. Then, on August 1, POM asked to extend the deadline by two weeks to August 22. *Id.* at 5. Pyramid agreed to this request. *Id.* On August 19, POM asked for *another* extension, this time to September 5. *Id.* at 4. Pyramid opposed this request and filed its Second Motion to Compel on August 22. Dkt. No. 48. Pyramid emphasized that POM has repeatedly delayed discovery, calling into question whether POM actually intends to litigate its own lawsuit. *Id.* at 1.

On September 12, one week after the deadline had passed for POM to respond to the motion to compel, Pyramid filed a motion for relief. Dkt. No. 50. On that same day, POM made its first production of 46 pages, which consisted of five documents, including a non-disclosure agreement ("NDA") that POM had previously entered into with Pyramid (that is, a document that POM well knew Pyramid already possessed). Dkt. No. 50-2 at 1. By doing so, POM again performed a token action to appear as if it was participating in the discovery process in good faith.

The next day, the Court set a status conference for September 23 on Pyramid's Second Motion to Compel. Dkt. No. 52. At that status conference, the Court made clear that POM may be subject to sanctions if there is no meaningful discovery within 45 days. The Court further

169856156.2

questioned whether this lawsuit is merely pretextual, noting the fact that if POM really was injured that it would want to litigate aggressively and not employ delay tactics, as it has in this case. The Court scheduled a follow-up hearing for November 12, and instructed Pyramid to provide a status update a week before that hearing. Dkt. No. 53.

## II.    Status of Discovery

Since the status conference on September 23, Pyramid has produced over 11,000 pages of materials to POM totaling 1,560 documents. Declaration of Barak Cohen ("Cohen Decl.") ¶ 2. Pyramid went to great expense collecting these documents. *Id.* ¶ 2. Pyramid identified nine custodians and searched their shared drives (Google Workspace), local files, instant messages, and text messages. *Id.* Using targeted searches based on POM's discovery requests, Pyramid identified over 10,800 potentially responsive documents. *Id.* This included 7,137 emails; 1,348 pdfs, 736 excel files, 432 word documents, 246 images, and 988 other miscellaneous file types, including numerous instant messages and text messages. *Id.* After diligent review, Pyramid narrowed this set down to the 11,000-plus responsive pages, totaling 1,560 documents, that it produced. *Id.*

In contrast, POM's discovery has been deficient in numerous aspects:

- To date, POM has only produced roughly 90 documents, totaling a mere 424 pages of materials. *Id.* ¶ 3, Ex. A (email containing POM's latest production, showing an ending Bates number of 424).

- Forty-seven of these documents, over half of POM's total production, are email communications between POM and Pyramid that POM surely knew Pyramid already possesses. *Id.* ¶ 4.

- Out of the 35 emails POM has produced that contain internal communications, only *five* are dated before August 2023, at which time it is clear from the emails that POM was already gearing up for this lawsuit, which was filed on November 7, 2023. *Id*. ¶ 4. It is hard to imagine that after a thorough search for documents, POM was only able to identify *five* emails prior to August 2023 that are responsive to Pyramid's requests, and which would cast light on material aspects of Pyramid's purported misconduct that supposedly motivated this lawsuit.

- POM has produced zero text messages or chat messages whatsoever, despite Pyramid's request that such communications be produced. *Id.* ¶ 4.

169856156.2

- POM has failed to produce responsive documents to fourteen out of sixteen of Pyramid's requests for production. *Id*. ¶ 5, Ex. B.

POM's paltry productions do not come close to a showing of meaningful discovery that would enable Pyramid to litigate this case fairly.

The parties have met and conferred three times over the past two weeks, on October 22, October 31, and the evening of November 4. *Id.* ¶ 6. Counsel for POM indicated he would continue to search for documents and provide documents responsive to Pyramid's requests, and that he anticipated making some kind of production on November 5 (counsel for POM was unable to describe the production). *Id.* Apparently, POM is once again repeating its tactic of making promises that it does not intend to follow through on.

Pyramid has complied with its discovery obligations, and will be greatly prejudiced if POM continues to withhold documents and delay its production. Accordingly, Pyramid has no choice but to seek the Court's intervention yet again to ensure it is not unduly prejudiced by POM.

## ARGUMENT

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure authorizes sanctions for violations of discovery orders. This Rule "allows courts to adopt conclusions, presumptions, inferences, or evidentiary preclusion rules that operate within the confines of the claims and defenses the parties have already raised." *Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 581 (3d Cir. 2018). The court has broad discretion in selecting the type and degree of sanction appropriate under the facts and circumstances. *Bowers v. NCAA*, 475 F.3d 524, 538 (3d Cir. 2007).

Spoliation generally refers to evidence that has been altered or destroyed, but may also occur where a party fails to produce a document. *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (citations omitted). "Spoliation sanctions serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been in without spoliation." *Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*, 348 F.Supp.2d 332, 335 (D.N.J. 2004). An adverse inference sanction is a spoliation sanction that allows the trier of fact to "receive the fact of the document's *nonproduction* or destruction as evidence that the party that has prevented

-4-

production did so out of the well-founded fear that the contents would harm him." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (emphasis added).

In determining whether sanctions are appropriate, the Court considers "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Bull*, 665 F.3d at 73 n.5 (internal citation omitted). "An adverse inference is generally considered one of the lesser punishments a court can give." *Fairview Ritz Corp. v. Borough of Fairview*, 2013 WL 163286, at *8 (D.N.J. Jan. 15, 2013). The party seeking sanctions bears the burden of proof of these factors by a preponderance of the evidence. *Malibu Media, LLC v. Doe*, 82 F. Supp. 3d 650, 654 (E.D. Pa. 2015).

In *Ace American Ins. Company v. First Call Environmental, LLC*, the Court found Defendants' failure to produce documents that were relevant to Plaintiffs' claims amounted to spoliation. 2023 WL 137456, at *4-5 (E.D. Pa. Jan. 9, 2023). The court granted Plaintiffs' request for sanctions in the form of an adverse inference instruction because Defendants failed to provide any justification behind the non-production of the documents, the non-production was highly prejudicial to Plaintiffs, and the sanction was narrowly tailored to address the potential prejudice faced by Plaintiffs. *Id.* at *5-6. This case is directly on point with the case at hand.

At the September 23 status conference, the Court ordered both parties to engage in meaningful discovery no later than November 12. Pyramid complied with this order, producing over 11,000 pages of documents to POM. In contrast, POM has produced essentially zero meaningful discovery and therefore has failed to follow the Court's order. Thus, an adverse inference sanction is appropriate here based on POM's failure to engage in meaningful discovery.

*First*, POM has not, and cannot justify its deficient production to date, more than a year after it filed this lawsuit and after discovery has been ongoing for almost ten months.

*Second*, POM has produced almost *zero* responsive documents to Pyramid's requests for production leaving Pyramid as serious risk of facing undue prejudice. *See* Cohen Decl. ¶ 5, Ex. B

-5-

(chart detailing POM's failure to respond to Pyramid's discovery requests). This is a case that POM filed. While POM has the benefit of over 11,000 pages of documents responsive to its discovery requests, Pyramid has virtually nothing. This puts Pyramid at a severe disadvantage as the parties move toward depositions and prevents it from fully developing its defense.

*Third*, there is no lesser punishment that will help avoid this prejudice to Pyramid. An adverse inference sanction will "level the playing field" by preventing POM from gaining an unfair advantage by withholding documents and directly addresses any resulting prejudice to Pyramid.

Accordingly, Pyramid asks that the Court (a) require POM to send the remainder of its discovery within one week, (b) extend all discovery deadlines by 60 days in light of POM's continued delay, and (c) grant Pyramid's request for sanctions in the form of an adverse inference against POM with respect to every request for production not responded to by POM's discovery.

## CONCLUSION

"Spoliation sanctions serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been in without spoliation." *Mosaid Techs. Inc.*, 348 F.Supp.2d at 335. POM has repeatedly failed to meet its discovery obligations and should be sanctioned accordingly to even the playing field between the parties. Pyramid respectfully asks that the Court grant its motion for sanctions, and asks that the Court (a) require POM to send the remainder of its discovery within one week, (b) extend all discovery deadlines by 60 days in light of POM's continued delay, and (c) grant Pyramid's request for sanctions in the form of an adverse inference against POM with respect to every request for production not responded to by POM's discovery.

169856156.2

-7-

Dated:  November 5, 2024

**DILWORTH PAXSON LLP**

Timothy J. Ford, Attorney ID: 325290
tford@dilworthlaw.com
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: +1.215.575.7017
Facsimile: +1.215.575.7200

**PERKINS COIE LLP**

By: _/s/ Barak Cohen_
Barak Cohen, Admitted *pro hac vice*
BCohen@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: +1.202.654.6200
Facsimile:  +1.202.654.6211

Thomas J. Tobin, Admitted *pro hac vice*
TTobin@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

169856156.2

## LOCAL CIVIL RULE 26.1(F) CERTIFICATION

Pursuant to Local Civil Rule 26.1(f) and this Court's Policies and Procedures B.2, the undersigned makes the following certification. I hereby certify that counsel for Pyramid has made reasonable efforts to obtain the relief sought by this motion.

On September 23, the Court held a status conference on Pyramid's Second Motion to Compel. Dkt. No. 52. During the hearing, the Court scheduled a follow-up hearing for November 12, and instructed the parties to provide a status update one week before the hearing. Following that conference, Pyramid worked diligently to prepare its discovery documents in light of the Court's request.

The parties met on October 22, to discuss the status of discovery. Cohen Decl. ¶ 6. Counsel for POM asked when Pyramid would be ready to produce documents. Counsel for Pyramid agreed to send its first production by the end of the week, but expressed hesitation about sending its full production set, which was close to ready at that time, without assurances that POM would reciprocate in kind. POM agreed to continue searching for responsive documents. Pyramid made its first production the next day, on October 23. Cohen Decl. ¶ 7, Ex. C.

Pyramid produced the remainder of its responsive documents on October 30. Cohen Decl. ¶ 8, Ex. D.

The parties met for a second time on October 31. Cohen Decl. ¶ 6. On that call, counsel for Pyramid again asked whether POM was prepared to make a substantial production, given the upcoming hearing before the Court. *Id.* Counsel for POM stated POM would make an additional production the following week, but would not commit to a date certain or provide any details about the quantity of production POM intended to produce. *Id.* The following day, November 1, POM made an additional production of 19 documents, totaling 75 pages. Cohen Decl. ¶ 3, Ex. A.

In total, after discovery has been ongoing for almost ten months, POM has produced a grand total of 424 pages of discovery. Despite consistent requests from Pyramid, POM has refused to provide a specific date that it intends to produce the remainder of its discovery. Based on POM's

169856156.2

-9-

consistent bad faith tactics to date, Pyramid will be prejudiced in discovery without this Court's intervention.

Dated: November 5, 2024

/s/ *Barak Cohen*
Barak Cohen

169856156.2

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing was served upon the following via Electronic Filing System (CM/ECF) on the date specified below:

*Via CM/ECF:*

Matthew H. Haverstick
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
215-568-2000
Fax: 215-568-0140
Email: mhaverstick@kleinbard.com

Date: November 5, 2024

/s/*Barak Cohen*
Barak Cohen

169856156.2