**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| POM OF PENNSYLVANIA, LLC, | : |
| | : |
| *Plaintiff,* | : |
| | : |
| v. | : No. 2:23-cv-04348-JMY |
| | : |
| PYRAMID TECHNOLOGIES, INC., | : |
| | : |
| *Defendant.* | : |
| | : |

**PLAINTIFF POM OF PENNSYLVANIA, LLC'S RESPONSE
TO DEFENDANT'S STATUS REPORT AND OPPOSITION TO DEFENDANT'S
MOTION FOR SANCTIONS**

Defendant Pyramid Technologies, Inc.'s ("Pyramid") should not be granted the sanctionsit seeks in its Status Report and Motion for Sanctions (ECF No. 56) (the "Motion"). The partieswere last before this Court at a conference on September 23, 2024. Since that time, PlaintiffPOM of Pennsylvania ("POM") has made several document productions that include, amongother things, its email communications with Pyramid and internal communications concerningPyramid. POM has searched for and gathered documents and exchanged documents withPyramid as directed by the Court at the September 23rd conference. Accordingly, POMrespectfully submits that the Court should deny the sanctions requested by Pyramid.[1]

I.      **STATUS OF DISOVERY**

The Court held a conference with the parties on September 23, 2024. At that time,Pyramid objected that POM had produced only approximately 50 pages of documents and had

---

[1] As part of the relief it seeks, Pyramid requests that the Court extend the current deadlines by 60 days. POM does notoppose Pyramid's request for a 60 day extension of the deadlines.

not produced any emails or other communications. At that conference, the Court directed POM (and Pyramid) to proceed with discovery and exchange documents. POM has done so.

Since the September 23rd conference POM has made the following document productions:

- On October 9, 2024, POM produced documents Bates numbered POM000047 to POM000349, *see* 10/9/24 Email producing documents (attached hereto as Exhibit A);

- On November 1, 2024, POM produced documents Bates numbered POM000350 to POM000424, *see* 11/1/24 Email producing documents (attached hereto as Exhibit B);

- On November 6, 2024, POM produced documents Bates numbered POM000425 to POM001010, *see* 11/6/24 Email producing documents (attached hereto as Exhibit C);

- On November 7, 2024, POM produced documents Bates numbered POM001011 to POM001942, *see* 11/7/24 Email producing documents (attached hereto as Exhibit D).

POM also has communicated with Pyramid as part of its effort to advance discovery. As Pyramid states in its Motion, POM's counsel met and conferred with Pyramid's counsel several times since October 21, 2024. *See* Motion at 4. Two of these three meet and confers were initiated by counsel for POM. After a meet and confer on October 22, 2024, Pyramid's counsel advised POM's counsel that Pyramid was interested in documents beginning with the time period starting January 1, 2021. *See* 10/23/24 Email from Pyramid's counsel to POM's counsel (attached hereto as Exhibit E).

The documents produced by POM since the September 23rd conference with the Court include emails between Pace-O-Matic, Inc. ("Pace-O-Matic"), POM's parent, and Pyramid and internal Pace-O-Matic/POM emails related to the business relationship with Pyramid, Pyramid's printers and its Sentry System. Those emails are from the period 2021-2023 and even earlier. POM has conducted a diligent search for documents. As set forth in the Declaration of Jacob Lille, attached hereto as Exhibit F:

- Pace-O-Matic and POM identified seven custodians who were the primary employees involved in the business relationship with Pyramid and Pace-O-Matic's IT department conducted targeted searches of their email accounts for responsive documents, *Id.* at ¶¶4-7;

- Pace-O-Matic's IT department also conducted a search of all Pace-O-Matic email accounts using the Pyramid acceptors domain address, *Id.* at ¶8;

- These searches identified thousands of potentially responsive documents, *Id.* at ¶10;

- These potentially responsive documents were reviewed to identify the responsive documents that related to Pace-O-Matic/POM's business relationship with Pyramid, which have been produced, *Id.* at ¶11.

*See* Exhibit F. In short, POM has not ignored Pyramid's requests to engage in discovery as Pyramid contends in its Motion. *See* Motion at 1.

In its Motion, Pyramid asserts several claims concerning the alleged deficiencies in POM's discovery response. These claims all lack merit.

First, Pyramid contends that POM has failed to produce responsive documents to fourteen out of Pyramid's sixteen document requests. *See* Motion at 4. That is not the case. In

support of this claim, Pyramid submitted its Exhibit B, which is an email to POM's counsel where Pyramid purports to list the categories of documents that POM allegedly agreed to produce but has not produced. Pyramid's contentions mischaracterize what POM has produced and what has transpired between the parties. Pyramid's argument assumes that POM agreed to simply produce documents in response to all of Pyramid's document requests without objections. POM did not. POM objected to certain requests (as did Pyramid to POM's document requests), the parties met to discuss the objections, and they agreed to produce certain requested documents but not all. *See* POM's Objections and Responses to Pyramid's First Set of Discovery Requests (attached hereto as Exhibit G). Thus, as to certain categories of documents Pyramid identified in its Exhibit B, POM never agreed to produce the documents in the first place, objected to these requests, and Pyramid has not sought to have these objections overruled. As to other categories of documents Pyramid identified in its Exhibit B, POM has produced the responsive documents in its possession notwithstanding Pyramid's claims to the contrary. Attached hereto as Exhibit H is a copy of Pyramid's Exhibit B, with POM's responses to Pyramid's claims in blue, further demonstrating that POM has produced the documents that it agreed with Pyramid it would produce. *See* Exhibit H.

Second, Pyramid suggests that POM has not complied with discovery because Pyramid has produced 11,000 pages of documents and POM has produced a lesser number. *See* Motion at 3. But a difference in the number of pages produced does not demonstrate POM has filed to engage in discovery. As set forth above and in the Declaration of Jacob Lille, POM has searched for and produced responsive documents.

Third, Pyramid also appears to complain that many of the documents produced were emails between Pace-O-Matic/POM and Pyramid. *Id.* But these emails are responsive to

4

Pyramid's discovery requests and, for that reason, POM produced them. Had POM not produced these documents, Pyramid likely would be complaining that they were not produced.

Fourth, Pyramid asserts that POM has not produced any text message or chat messages. *Id.* But, as stated in the declaration of Jacob Lille, there are none to produce. *See* Exhibit F at ¶12.

In sum, POM has engaged in discovery and exchanged documents with Pyramid. Pyramid appears to be looking for documents that don't exist or documents to which POM objected producing. If it's the latter, Pyramid can file an appropriate motion to request that the Court overrule any objections it believes are unfounded. Otherwise, the parties should continue with discovery.

## II.    SANCTIONS ARE NOT WARRANTED

The sanctions requested by Pyramid are not warranted under applicable law for at least four reasons.

First, Pyramid is proceeding under Federal Rule of Civil Procedure 37(b)(2)(A) and notes that this Rule authorizes sanctions for violation of discovery orders. *See* Motion at 4. On its face, this Rule expressly requires that the party against whom sanctions are sought must have violated a specific discovery order:

> (b) Failure to Comply with a **Court Order**
>
> ****
>
> (2) Sanctions Sought in the District Where the Action is Pending.
>
> (A)  For Not Obeying **a Discovery Order**. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey **an order** to provide or permit discovery ….

*See* F.R.C.P. 37(b)(2)(A) (emphasis added); *see also Clientron Corp. v. Devon IT, Inc.*, 894 F.3d 568, 580 (3d Cir. 2018) (noting that under Rule 37(b)(2)(A) "the sanction must be specifically related to the particular 'claim' which was at issue *in the order to provide discovery.*") (italics added); *Hepler v. Wetzel*, 2020 WL 1952677 at *2 -*3 (W.D. Pa. April 23, 2020) (stating that under Rule 37(b) "[c]ourt has the authority to impose sanctions *for failure to obey a discovery order*" and that "the sanction must be specifically related to the specific claim that was at issue *in the order to provide discovery*") (italics added).

Thus, failing to comply with a discovery order is a prerequisite for sanctions under Rule 37(b). POM has not violated any order compelling it to provide certain discovery and Pyramid does not point to any such order in its Motion that POM allegedly violated. On this basis alone, Pyramid's request for sanctions should be denied.

Second, Pyramid bases its request for an adverse inference sanction on a spoliation theory, *i.e.*, that spoliation occurs where a party fails to produce a document. *See* Motion at 4-5. But there has been no spoliation here. As described above, POM has produced responsive documents where it did not object to the document request. Consequently, there is no basis for an adverse inference sanction based on alleged spoliation.

Third, Pyramid cannot satisfy the three considerations it cites that courts consider when determining whether a spoliation sanction is warranted. In particular:

- The first factor Pyramid cites is "the degree of fault of the party who altered or destroyed the evidence." *Id.* at 5. POM has not altered or destroyed any evidence. As discussed above, it also has not failed to produce documents. Consequently, this factor does not support Pyramid's requested sanctions.

6

- The second factor Pyramid cites is "the degree of prejudice suffered by the opposing party." *Id.* In its Motion, Pyramid fails to identify any actual prejudice it has suffered. Instead, it makes vague and unsubstantiated claims that: (i) because POM allegedly has produced "almost zero responsive documents"—which is not true—Pyramid faces a "serious risk" of undue prejudice (*id.* at 5); and (ii) it is at a "severe disadvantage as the parties move towards depositions" and purportedly cannot develop its defense (*id.* at 6). Such vague allegations of alleged prejudice do not satisfy Pyramid's burden to establish it has suffered sufficient prejudice to warrant sanctions. *Cf. Fuhs v. McLachlan Drilling Co.,* 2018 WL 5312760 at *13(W.D. Pa. Oct. 26, 2018) ("A finding of prejudice requires a party to come forward with plausible, concrete suggestions as to what lost evidence might have been and a showing that its loss materially affect[ed] the substantial rights of the adverse party and is prejudicial to the presentation of the case.") (citations and quotations omitted).  Pyramid has POM's documents and can continue to develop its defense, including by obtaining additional information through depositions.

- The third factor Pyramid cites is "whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *See* Motion at 6. Here, no sanctions are justified as POM has produced responsive documents in its possession. Thus, any adverse interest will cause substantial unfairness to POM. To the extent that the Court may determine that some sanction is warranted (which it is not), the Court should direct the parties to proceed with depositions within a reasonable time period and can extend the discovery deadline

7

as Pyramid requests. However, Pyramid's claim that "no lesser punishment" than an adverse inference sanction will avoid some undefined prejudice to Pyramid is not supported by the facts or the law. *Id.* Indeed, Pyramid claims that such a sanction is necessary to prevent POM from allegedly gaining an unfair advantage, but nowhere does it state what this alleged unfair advantage is. *Id.* Once again, Pyramid's vague claims do not satisfy its burden for this Court to impose Pyramid's requested sanction.

Fourth, the adverse inference requested by Pyramid is overly broad, vague, undefined and entirely unworkable. In its Motion and proposed order, Pyramid requests the following general inference: "an adverse inference against POM with respect to every request for production not responded to by POM's discovery." *Id.* This requested inference is lacking in any specifics or detail. Thus, it is entirely unclear exactly what fact or facts would be implicated by the inference or how it would be applied or enforced by the Court. In short, the adverse inference requested by Pyramid is entirely inappropriate, particularly where, as here, POM has produced responsive documents.

## III.    CONCLUSION

POM has participated in discovery as previously directed by the Court. The parties have exchanged documents and should proceed to scheduling depositions. Accordingly, for all of the reasons set forth above, POM respectfully requests that the Court deny Pyramid's request for sanctions.

Respectfully submitted,

Dated: November 11, 2024

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Eric J. Schreiner (No. 76721)
Shohin Vance (No. 323551)
KLEINBARD LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Eml: mhaverstick@kleinbard.com
eschreiner@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiff POM of Pennsylvania, LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of Plaintiff's Response to

Defendant's Status Report and Opposition to Plaintiff's Motion for Sanctions to be served via the

Court's CM/ECF system on all counsel of record.

Respectfully submitted,

Dated: November 11, 2024          /s/ Matthew H. Haverstick
                                  Matthew H. Haverstick (No. 85072)
                                  Eric J. Schreiner (No. 76721)
                                  Shohin Vance (No. 323551)
                                  KLEINBARD LLC
                                  Three Logan Square, 5th Floor
                                  1717 Arch Street
                                  Philadelphia, PA 19103
                                  Ph: (215) 568-2000
                                  Eml: mhaverstick@kleinbard.com
                                  eschreiner@kleinbard.com
                                  svance@kleinbard.com

                                  *Attorneys for Plaintiff POM of Pennsylvania, LLC*